**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| DENNIS D. WILCOX, M.D.,<br><br>          Plaintiff - Appellant,<br><br>     v.<br><br>HI-DESERT MEMORIAL HEALTHCARE DISTRICT, a California corporation, dba Hi-Desert Medical Center; et al.,<br><br>          Defendants - Appellees. | No. 13-55299<br><br>D.C. No. 2:11-cv-01994-MWF-OP<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted February 11, 2015
Pasadena, California

Before: GRABER and WARDLAW, Circuit Judges, and MAHAN,[**] District
          Judge.

          Plaintiff Dennis D. Wilcox, a physician, appeals the district court's dismissal

with prejudice of this action under 42 U.S.C. § 1983 against Defendant Hi-Desert

---

          [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

          [**] The Honorable James C. Mahan, United States District Judge for the
District of Nevada, sitting by designation.

Medical Center, which terminated Plaintiff's hospital privileges. Reviewing de novo, Doe No. 14 v. Internet Brands, Inc., 767 F.3d 894, 896 (9th Cir. 2014), we affirm.

1. Plaintiff's argument that the district court erred when it stayed this action pending the resolution of state proceedings is moot, because the state proceedings have concluded. Therefore, we do not reach the merits of that argument.

2. Claim preclusion bars Plaintiff's federal claims. We follow California preclusion rules. Kremer v. Chem. Constr. Corp., 456 U.S. 461, 482 (1982). We give preclusive effect to the decision of the Judicial Review Committee because (a) it acted in a judicial capacity; (b) it resolved disputed issues of fact that were properly before it; (c) Plaintiff had an adequate opportunity to litigate his claims, including constitutional claims; and (d) the peer review proceeding and this action are between the same parties and involve the same primary right, specifically the right of Plaintiff to maintain staff privileges at Defendant hospital. See Miller v. County of Santa Cruz, 39 F.3d 1030, 1032–33 (9th Cir. 1994) (explaining the requirements for giving an administrative agency's decision preclusive effect under California law); Takahashi v. Bd. of Trs. of Livingston Union Sch. Dist., 783 F.2d 848, 851 (9th Cir. 1986) (holding that an administrative appeal and subsequent

2

constitutional claim arising from the termination of the plaintiff's employment contract involved the "identical primary right").

3. The district court correctly dismissed the state-law claims for failure to exhaust administrative remedies. See Westlake Cmty. Hosp. v. Superior Court, 551 P.2d 410, 411 (Cal. 1976) (holding that, as a general rule, a physician must exhaust all remedies, including judicial review of an administrative decision, before bringing an action for reinstatement or damages). Plaintiff is not seeking relief under a statute as to which there is an "unequivocal[]" expression of legislative intent to abrogate the exhaustion requirement. Fahlen v. Sutter Cent. Valley Hosps., 318 P.3d 833, 841 (Cal. 2014). Accordingly, even assuming that Plaintiff was a whistleblower, his state-law claims are barred because he abandoned the administrative proceeding voluntarily and failed to seek judicial review in state court.

4. We have examined Plaintiff's other arguments and find them unpersuasive.

**AFFIRMED.**